IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

HALEY WHEELER                                                                                    PLAINTIFF

v.                                    Case No. 2:13-CV-02156

JOSE TERGA                                                                                      DEFENDANT

**<u>ORDER</u>**

Currently before the Court is Defendant's motion to substitute party and to set time for the United States to answer or otherwise response (Doc. 5) and supporting brief (Doc. 6). Plaintiff has filed a response (Doc. 7) stating she has no objection to Defendant's requests.

"Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose . . . [s]uch action or proceeding shall be deemed to be an action or proceeding brought against the United States . . . and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(2). The United States Attorney for the Western District of Arkansas, by virtue of the authority vested in him by the Attorney General of the United States under 28 C.F.R. § 15.4(a),[1] has certified that the individual Defendant in this case was acting within the scope of his federal employment as an employee of the United States Postal Service with respect to the incident alleged by Plaintiff in the Complaint. (Doc. 5-1). That certification has not been challenged by Plaintiff. The Court finds,

---

[1] The Government cites to 28 C.F.R. § 15.3(a), but it appears that the relevant regulation is § 15.4(a), which provides that "[t]he United States Attorney for the district where the civil action or proceeding is brought . . . is authorized to make the statutory certification that the Federal employee was acting within the scope of his office or employment with the Federal Government at the time of the incident out of which the suit arose."

therefore, that the United States should be substituted as the defendant in this case, in place of Jose Terga.

IT IS THEREFORE ORDERED that Defendant's motion to substitute party (Doc. 5) is GRANTED, and the United States is substituted as Defendant in this case in place of Jose Terga.

IT IS FURTHER ORDERED that Defendant's motion to set time for the United States to answer or otherwise respond (Doc. 5) is GRANTED. The deadline for the United States to answer or otherwise respond to Plaintiff's complaint is set at August 20, 2013.

IT IS SO ORDERED this 17th day of July, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE