IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

HALEY WHEELER                                                                                   PLAINTIFF

v.                                    Case No. 2:13-cv-02156

UNITED STATES OF AMERICA                                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Currently before the Court is the Government's motion to dismiss for lack of jurisdiction (Doc. 9) and brief in support (Doc. 10), Plaintiff Haley Wheeler's response in opposition (Doc. 12), the Government's reply (Doc. 14), and Plaintiff's sur-reply (Doc. 16). The Government contends that Plaintiff has failed to meet her burden of proving that the Court has jurisdiction over this case, which was brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* Ordinarily, the United States cannot be sued in tort due to its sovereign immunity. An exception lies in the FTCA, which is a statutory waiver of sovereign immunity that permits a plaintiff to claim money damages for injury or loss of property caused by the negligent or wrongful acts or omissions of any employee of a federal agency operating within the scope of his office or employment under circumstances "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or admission occurred." 28 U.S.C. § 2672.

According to the FTCA at 28 U.S.C. § 2675, "[a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." This "presentment requirement" is a jurisdictional prerequisite to suit under the FTCA. "[T]he district court may appropriately resolve legal and factual questions

-1-

determinative of jurisdiction and may dismiss the case under Federal Rule of Civil Procedure 12(b)(1) if the FTCA requirements are not met." *Daniels v. United States*, 135 Fed. Appx. 900, 901 (8th Cir. 2005) (unpublished per curiam); *Melo v. United States*, 505 F.2d 1026, 1028-29 (8th Cir. 1974) ("The presentment requirement is satisfied only when the appropriate federal agency actually receives the claim.").

The purpose of requiring an FTCA claimant to present her claim to the appropriate federal agency is to provide the agency with "a fair opportunity to meaningfully consider, ascertain, adjust, determine, compromise, deny, or settle FTCA claims prior to suit." *Mader v. United States*, 654 F.3d 794, 801 (8th Cir. 2011). It follows that "Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process." *McNeil v. United States*, 508 U.S. 106, (1993).

In considering the Government's motion to dismiss for lack of jurisdiction, the key question is whether Plaintiff properly presented her claim to the Government for administrative review prior to filing suit. For purposes of the Court's analysis, a claim shall be deemed to have been presented "when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages . . . ." 28 C.F.R. § 14.2(a).

The Government maintains that it has no record of receiving Plaintiff's Standard Form 95—or any other written notification of Plaintiff's accident—along with a claim for money damages. The Government submitted the affidavit (Doc. 14-1) of Vicki L. Mitchell, a claims examiner employed by the U.S. Army, attesting that the Army "found that no administrative claim was filed by or on behalf of [Plaintiff]." The Government also offered the affidavit (Doc. 14-2) of the chief

of the Tort Claims Division of the U.S. Army Claims Service, Larss G. Celtnieks, similarly attesting that "a thorough search of all records available to the Army Claims Service found that no administrative claim has been filed by [Plaintiff] with this Service . . . ."

Plaintiff's counsel disagrees with the Government's position and contends that he had numerous communications with the Army concerning Plaintiff's injuries as early as March of 2010, just a month after Plaintiff's car accident. Plaintiff's counsel further maintains that his assistant spoke to Ms. Mitchell, the Army's claims examiner, on April 13, 2010 (Doc. 12-6), and that on April 14, 2010, Plaintiff's counsel sent a twenty-page fax (Doc. 16-4) containing Plaintiff's Standard Form 95, claim for damages, and letter of attorney representation to a particular fax number which counsel believed corresponded to the Office of the Staff Judge Advocate in Fort Sill, Oklahoma. Then on May 4, 2010, Plaintiff's attorney mailed an updated Standard Form 95, claim for damages, and notice of attorney representation (Doc. 12-7) on Plaintiff's behalf to the U.S. Army's Claims Service in Fort Meade, Maryland.

The Eighth Circuit has held that the plaintiff in an FTCA action bears the burden of proof to show that presentment was properly made. *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993), *cert. denied*, 510 U.S. 1109 (1994). The government's conditions are to be construed narrowly by the court, and a claim brought pursuant to the FTCA may be properly dismissed for inadequate presentment if a plaintiff fails to show that the government actually received the claim. *Id.* Proof that a claim was sent to a government agency does not constitute proof that the claim was received for presentment purposes. Receipt requires a separate showing. *See Moya v. United States*, 35 F.3d 501, 504 (10th Cir. 1994) (plaintiff's counsel's affidavit stating that claim was mailed to Department of Veterans Affairs was insufficient to show receipt); *Rhodes v. United* States, 995 F.2d

1063, *2 (4th Cir. 1993) (plaintiff's counsel's failure to prove receipt of FTCA claim sent via first-class mail was insufficient to show presentment); *Drazan v. United States*, 762 F.2d 56, 58 (7th Cir. 1985) ("[M]ailing is not presenting; there must be receipt."); *Bailey v. United States*, 642 F.2d 344, 347 (9th Cir. 1981) (plaintiffs' counsel's mailing of FTCA claim to the Air Force by regular mail, rather than by certified or registered mail, was insufficient to prove receipt).

As the review of the case law above demonstrates, placing a plaintiff's FTCA claim in a mailbox, even with the relative certainty of delivery that the U.S. Postal Service provides, is not sufficient to show that the claim was received by the federal agency. Similarly, faxing a plaintiff's claim documents to a particular fax number is not the same as confirmation of receipt. Here, Plaintiff cannot satisfy her burden of proving receipt by showing that the fax she sent was "completed." She cannot show that a representative of the appropriate federal agency actually received the fax. The faxed documents could have dropped under the fax machine upon transmission, ended up in the wrong hands, or been sent to the wrong fax number.[1] Too many variables are at issue, such that receipt cannot be proven with sufficient certainty here, considering the relevant case law.

It appears that the problem of receipt in this case may have been avoided if Plaintiff's counsel had followed up with the appropriate agency to ascertain whether Plaintiff's claim had actually been received. Counsel may have been under an obligation to follow up, particularly considering his

---

[1] Indeed, in an attempt to prove that the fax number Plaintiff's counsel used to transmit Plaintiff's claim was correct, counsel attached an exhibit (Doc. 16-3) to the sur-reply which purported to be a "copy of a website illustrating a relationship between the facsimile number [to which Plaintiff sent a claim form] and Legal Services/JAG at Fort Sill, Oklahoma . . . ." However, this exhibit did not come from the official website of Fort Sill. The "official homepage of Fort Sill, Oklahoma," at sill-www.army.mil/jag/, lists a different fax number for the Office of the Staff Judge Advocate than the one Plaintiff's counsel used.

statement to the Court that as of April 14, 2010, Army representatives still reported that they "were not aware of the [Plaintiff's] incident, inspite [sic] of [counsel's] previous conversations and letter of representation." (Doc. 12, p. 3). Counsel's awareness of a breakdown in communication between his office and the Army is evidenced by the fact that he not only faxed his client's claim but later mailed it. Counsel did not, however, mail Plaintiff's claim via certified mail so as to ensure receipt, and he did not follow up over the course of the following year until he obtained written proof of receipt. As the Ninth Circuit noted in *Bailey v. United States*, 642 F.2d at 347, a similar case involving presentment issues in the FTCA context, "Plaintiffs and their counsel do not claim ignorance of the statutory and regulatory requirements. They knew that a claim was required. They knew when it must be presented. The regulation gave them notice that a claim is not presented until it is received . . . They were under an obligation to their clients to see that the claim was received. Yet thereafter . . . they did nothing at all."

In light of the Court's discussion above, the Government's motion to dismiss for lack of jurisdiction (Doc. 9) is GRANTED pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff's claim accrued more than two years before she filed her lawsuit in state court, and Plaintiff failed to properly exhaust her administrative remedies prior to filing suit. Federal law makes clear that a tort claim against the United States is barred unless it is properly presented in writing to the appropriate agency within two years of accrual. Therefore, this case must be DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 15th day of November, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE