IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

HALEY WHEELER                                                                                              PLAINTIFF

v.                                           Case No. 2:13-cv-02156

UNITED STATES OF AMERICA                                                                        DEFENDANT

**<u>ORDER</u>**

      Plaintiff moves the Court for reconsideration (Doc. 20) of the order granting dismissal of this case for lack of jurisdiction. The case was dismissed on November 15, 2013, due to Plaintiff's failure to exhaust her administrative remedies prior to filing suit. The Federal Tort Claims Act ("FTCA"), under which Plaintiff made her claim for relief in her complaint against the United States, provides that a claimant must first present her claim to the appropriate federal agency and have it finally denied in writing prior to filing suit in federal court. In granting the Government's motion to dismiss the case for lack of jurisdiction, the Court found that Plaintiff did not properly present her claim for administrative review prior to filing suit.

      As discussed in the Court's memorandum opinion and order (Doc. 18), the plaintiff in an FTCA action bears the burden of proof to show that presentment was properly made. Here, Plaintiff failed to meet her burden of proof because the fax confirmation sheet she supplied to the Court was insufficient to show the Government's receipt of the claim.

      In her motion for reconsideration, Plaintiff simply restates the same argument she made in opposition to the Government's motion to dismiss, namely that a "completed" fax transmission report should be sufficient to demonstrate proof of receipt. This argument was already considered by the Court and rejected. Federal Rule of Civil Procedure 60(b) provides that a party may be

relieved from an order of the Court under certain enumerated circumstances, including the existence of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986). Here, none of the circumstances envisioned by Rule 60(b) for finding that reconsideration may be warranted are present in this case, and relief is not otherwise justified.

Therefore, for the reasons set forth above, IT IS ORDERED that Plaintiff's motion for reconsideration (Doc. 20) is DENIED.

IT IS SO ORDERED this 9th day of December, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE